**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Donald Chaney, | ) | Cr. No. 3:08-773 |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Movant Donald Chaney's ("Movant") motion to amend order on motion to vacate filed pursuant to Fed. R. Civ. P. 60(b) and 15(a). ECF No. 131.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Movant was the sole defendant in a five count Superseding Indictment issued on September 2, 2008. ECF No. 21. On March 4, 2009, Movant entered a plea of guilty to unlawful possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B),Count . ECF No. 61. On June 11, 2009, Movant was sentenced as a career offender to 151 months in the Bureau of Prisons followed by a four-year term of supervised release. ECF No. 70. Movant appealed his conviction and sentence. ECF No. 74. The United States Court of Appeals for the Fourth Circuit affirmed the judgment on September 23, 2010. *United States v. Chaney*, 408 F. App'x 649 (4th Cir. 2010).

On March 25, 2011, Movant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Movant asserted that his prior second degree burglary conviction should not have formed the basis for his career offender categorization, and that his counsel was ineffective for failing to object to his career offender status. ECF No. 89. The government moved for summary judgment on April 25, 2011. ECF No. 92. On October 6, 2011, Movant's motion was granted and the Government's

motion for summary judgment was denied. ECF No. 101. The court determined that because Movant did not have an opportunity to use the force or threat of force to burglarize the home, his second degree burglary conviction was not a "crime of violence" within the meaning of U.S.S.G. § 4B1.2. ECF No. 101 at 8. The court also found that trial counsel's failure to object to Movant's classification as a career offender constituted ineffective assistance of counsel. ECF No. 101 at 10-11.

On October 21, 2011, this court entered an order vacating its Order of October 6, 2011. ECF No. 103. Movant's motion to vacate was denied and summary judgment was granted in favor of the United States on February 16, 2012. ECF No. 107. In reversing its prior decision, the court determined that because Movant was convicted for burglary of a dwelling, the conviction was a "crime of violence" within the meaning of U.S.S.G § 4B1.2. ECF No. 107 at 8. Because the court found that Movant's prior conviction qualified as a crime of violence, his trial counsel's failure to object to Movant's career offender status was not objectively unreasonable. *Id.* at 10. Movant appealed the judgment and moved the court for a certificate of appealability. ECF No. 110. This court denied Movant's motion for a certificate of appealability on April 6, 2012. ECF No. 113. The Fourth Circuit dismissed Movant's appeal on October 31, 2012. *United States v. Chaney*, 486 F. App'x 363 (4th Cir. 2012).

Movant filed this motion pursuant to Rules 60(b) and 15(a) of the Federal Rules of Civil Procedure on June 16, 2014. ECF No. 131. On August 4, 2014, Movant re-filed the motion along with a memorandum in support. ECF No. 134. The Government has not filed a response.

2

## II. DISCUSSION

Movant asserts that this court acted improperly when it (1) reversed its order granting Movant's motion to vacate, and (2) did so without holding a hearing on notice to Movant. ECF No. 134-1 at 7. Movant contends that this motion is not a successive § 2255 motion but a proper Rule 60(b)(6) motion aimed at remedying the "jurisdictionally, procedurally and substantively defective entries and orders subsequent to [October] 6, 2011." ECF No. 134-1 at 4. Specifically, Movant takes issue with the fact that the Court reversed is determination that Movant was not a career offender. ECF Nos. 131 at 2-4, 134-1 at 4. Movant asks this court to amend its judgment of February 16, 2012, "to conform entirely with the judgment of [October] 6, 2011." ECF No. 131 at 3.

Fed. R. Civ. P. 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . (6) any other reason that justifies relief.

Rule 60(b) generally requires a motion by the parties in order to amend a judgment after its entry. However, the Court of Appeals for the Fourth Circuit has determined that "the rule need not necessarily be read as depriving the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion." *United States v. Jacobs*, 298 F.2d 469, 472 (4th Cir. 1961). As such, courts are not prohibited from amending a judgment or order sua sponte when justice so requires. Therefore, this

court acted within its jurisdiction when it sua sponte vacated its order of October 6, 2011, and entered a new order on February 16, 2012.

Second, Movant seems to contend that the court was required to hold a hearing prior to entering a new order. When ruling on § 2255 motions, the court is required to review the petition, the answer, transcripts and records of state-court proceedings, and any other materials submitted with the motions to determine whether an evidentiary hearing is warranted. *See* Rule 8(a), Rules Governing Section 2255 Proceedings for United States District Courts. In this case, the court reviewed all relevant documentation and determined that an evidentiary hearing was not necessary. Without holding a hearing, this court entered an order on October 6, 2011, granting Movant relief. Subsequently, the court determined its decision was not in accordance with the sentencing guidelines and vacated that order on its own. Without holding a hearing, the court entered a new order on February 16, 2012, denying Movant relief based upon the same documents and evidence submitted in accordance with the original § 2255 motion and motion for summary judgment. Movant was not entitled to a hearing on the § 2255 motion under Rule 8(a). Accordingly, Movant has failed to show that this court made a jurisdictional or procedural error that requires this court to amend its judgment under Fed. R. Civ. P. 60(b)(6).

At any rate, the substance of Movant's claim reveals that his Rule 60(b)(6) motion is, contrary to his argument, a successive § 2255 motion. His only contention is that the court should reinstate its decision finding that he was not a career offender because his prior second degree burglary conviction was not a crime of violence. When a motion filed pursuant to Rule 60(b) would permit a movant to "evade the bar against relitigation of claims presented in a prior application" the motion must be treated as a successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200,

4

206 (4th Cir. 2003) (internal citation omitted). Although there is no specific test for determining whether a Rule 60(b) motion is made properly or is a successive § 2255 motion, if a movant offers new legal arguments or additional evidence, that is a signal the movant is not seeking relief under Rule 60(b) but is continuing his collateral attack of his original sentence. *Id.* at 207. A successive motion filed under § 2255 must be certified by a panel in the appropriate court of appeals. 28 U.S.C. § 2255(h). A defendant is required to file a motion in the appropriate court of appeals requesting an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Once the motion is filed, a three-judge panel in the appropriate appeals court has thirty days to grant or deny the authorization. *Id.* at § 2244 (b)(3)(C)-(D). The denial of the authorization is not appealable and cannot be the subject for petition for writ of certiorari. *Id.* at § 2244 (b)(3)(E).

Here, Movant is attempting to re-litigate the determination of his career offender status on the basis of his prior conviction for second degree burglary. Movant has requested a hearing to present new evidence and leave to amend his § 2255 petition with new case law that he believes is favorable to his position. ECF No. 131 at 3, 6. This court has already made a determination on his career offender status. Movant has failed to petition the United States Court of Appeals for the Fourth Circuit to obtain authorization to file a second motion pursuant to § 2255 in this court. The Fourth Circuit has not issued an order authorizing this court to consider Movant's successive motion. As a result, the court is without jurisdiction to review the merits of the motion before the court.

Finally, Movant also requested that this court permit him to amend his original §2255 petition after granting the Rule 60(b) motion. Because this court has dismissed the claims made pursuant to Rule 60(b), any relief requested pursuant to Rule 15(a) is moot.

### III.  CONCLUSION

For these reasons, Movant's motion to amend[1], ECF No. 131, is **DISMISSED**.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
April 15, 2015

---

[1] The motion to amend filed on August 4, 2014, ECF No. 134, appears to be identical to the motion to amend filed on June 16, 2014, ECF No. 131.  Accordingly, the motion to amend, ECF No. 134, is also dismissed.